Requestor: Diana Centrella Prevete, Esq., Town Attorney Town of North Hempstead P.O. Box 3000 Manhasset, New York 11030
Written by: Carolyn V. Kent, Assistant Attorney General
This letter responds to your request for opinions regarding the following transaction. You have informed us that the Town of Hempstead contemplates buying a vacant school from the Port Washington Union Free School District for a price of $1.5 million. The town will retain the school's playground, playing fields and basketball courts and will continue their present use as public park and recreation facilities. It will donate the school building to a not-for-profit corporation, to be formed under article 11 of the Private Housing Finance Law, which will renovate the building into housing units for low and moderate income elderly and space for other non-profit, civic organizations.
You asked, initially, whether the town's planned acquisition of the property will be lawful. Section 64(2) of the Town Law authorizes the town to buy real property, so long as the purchase is made for a public purpose; and section 241 of the General Municipal Law specifically authorizes a town to acquire land for playgrounds or neighborhood recreational centers. Thus, the portion of the school property retained by the town will be used for a public purpose, parks and recreation. Such a purchase is lawful, even though some of the property, unsuited to that purpose, will be disposed of shortly after purchase. 1980 Op Atty Gen (Inf) 231.
The town plans to dispose of the school building. You inquired whether the town's proposed donation of the building to a not-for-profit corporation will violate Article VIII, section 1 of the New York Constitution. This section prohibits a local government from giving or loaning money or property to or in aid of any individual or private corporation or association or private undertaking. Pursuant to this provision, the town may not make gifts or loans of property to a not-for-profit corporation, although it may, of course, sell the property for a fair market price.
An incidental benefit to a private party, however, does not invalidate a municipal expenditure which otherwise serves a public purpose. Matter ofMurray v LaGuardia, 291 N.Y. 320 (1943); 1988 Op Atty Gen (Inf) 141. Previous Attorney General opinions have found that a municipality's home rule powers permit it to carry out programs that incidentally benefit private parties so long as a valid public purpose is served. See, e.g.,
1988 Op Atty Gen (Inf) 141, 142.
In particular, Informal Opinion No. 87-12 (1987 Op Atty Gen [Inf] 58) held that a county's donation of an outdated nursing facility for an enriched housing project for the elderly and handicapped did not violate the constitutional prohibition against gifts of municipal property to private parties. We consider your contemplated donation of a school for elderly housing to be analogous to the transaction described in Informal Opinion No. 87-12. You should, however, receive satisfactory assurances from the donee that the property will, in fact, be used for the contemplated purposes.
Your letter states that a portion of the building will also be renovated to provide space for other non-profit organizations operating day care, youth and community theatre programs. In our view, these uses also fulfill a public purpose. Therefore, donation of a portion of the building for these purposes would not violate Article VIII, section 1 of the Constitution. In any event, the portion of the buildings used by these civic organizations may be incidental.
In conclusion, the town's purchase of school land for parks and playground and its donation of the school building for elderly housing both constitute use of property for a public purpose and do not violate the constitutional prohibition against town gifts to private parties.
You have also asked whether the building's renovation and use for elderly housing will constitute a "project" for purposes of section36-a of the Private Housing Finance Law ("PHFL"). Sections 12(5) and 36-a(1) of the PHFL define a "project" for this purpose as including a building or improvement acquired, owned, rehabilitated, managed or operated by a limited-profit housing company or housing development fund company providing aged care accommodations. Since the town's proposed donee is to be a housing development fund company (formed under PHFL article 11) and the building is to be used for elderly housing, the building's renovation and operation appears to qualify as a "project" under this definition. However, we suggest that you communicate with the Division of Housing and Community Renewal to ascertain the precise status of, and applicable regulations governing, the project and the not-for-profit entity which will develop and operate it.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.